IRA PORTER, Respondent, v. THE NEW YORK, LAKE
ERIE AND WESTERN RAILROAD COMPANY,
Appellant.

*Railroad — personal injury to one riding on a free pass and in the employment of a
shipper who has contracted to release the company from liability.*

In an action brought to recover for injuries sustained by the plaintiff while traveling
upon the defendant's railroad, it appeared that the plaintiff was riding on a
freight train in charge of a car-load of cattle belonging to one Schoonmaker,
who, in consideration of a reduced rate for transportation and a free pass,
entered into a written contract releasing the railroad company from all damages
attending the transportation, custody and delivery of the stock, except such as
might arise from the fraud or willful misconduct of the company.

The plaintiff was employed by Schoonmaker to go in charge of the stock, and
was designated by name in the contract and in the way-bill as in charge free.

*Held,* that, conceding that the contract was broad enough to cover personal inju-
ries, it could have no binding force or effect upon the plaintiff, who neither
made it nor assented to it.

That the plaintiff was a passenger with all the rights which that relation towards
the company gave him.

Appeal by the defendant from a judgment of the Supreme
Court, entered in the office of the clerk of the county of Orange
on the 7th day of July, 1890, in favor of the plaintiff, after a trial at
the Orange County Circuit before the court and a jury, at which a
verdict was rendered in favor of the plaintiff for the sum of $2,500;
and also from an order denying a motion to set aside the verdict
and for a new trial made on the minutes of the court.

The action was brought by the plaintiff to recover for injuries
received while riding on a train on the defendant's railroad in charge
of a car-load of cattle belonging to one Schoonmaker.

*Lewis E. Cass,* for the appellant.

*W. F. O'Neill,* for the respondent.

Dykman, J.:

This is an appeal from a judgment entered upon a verdict in
favor of the plaintiff against the defendant, and from the order
denying a motion for a new trial in an action for damages sustained
by the plaintiff on the defendant's railroad.

The plaintiff was riding on a freight train in charge of a car-load of cattle belonging to James Schoonmaker, who shipped the cattle over the defendant's railroad from Cochecton to Newburgh. In consideration of a reduced rate for transportation and a free pass, Schoonmaker entered into a written contract in which he released the railroad company from all damages attending the transportation, custody and delivery of the stock, except such as might arise from the fraud or willful misconduct of the company. The plaintiff was employed by Schoonmaker to go in charge of the stock, and he was designated by name in the contract and in the way bill as in charge, free. At Otisville, on a descending grade, the train was detached from the caboose to take in some other cars, and the plaintiff remained in the caboose. When the other cars were attached the caboose car was permitted to run down to the train, and the defendant claims that the concussion caused by the impingement of the two cars when they came together to be coupled was the cause of the plaintiff's injury, and that such shock was not severe or unusual and was not the result of negligence, but of the ordinary operation of the train; and that the brakeman made the coupling in the usual way and the train proceeded on its way. On the other hand, the plaintiff claims there was then, or immediately afterwards, a collision of some kind which threw him from his seat and caused his injuries. It did not appear with much precision how the shock was caused which resulted in the injury to the plaintiff, but the jury must have found negligence against the defendant in the management of the train. It is not important for us to decide between the two theories of the parties, for if the shock resulted from the rapidity with which the caboose car was permitted to move and the severity with which it struck the car to which it was to be coupled, that fact would be sufficient to justify the verdict.

The serious question in the case has relation to the effect of the contract of Schoonmaker with the company; and it is to be observed that such contract relates exclusively to the transportation of the live stock, and in consideration of reduced rates and the issuance of a free pass to accompany the same, the corporation is released from all damage to the stock which shall not result from fraud or willful misconduct. But the contract contains no release for personal injuries, and all the way-bill contains on the subject is a statement

that Ira Porter is in charge, free, and yet Porter was not, in the eye of the law, a gratuitous passenger. The contract stipulated for a pass and reduced rates, and as a consideration for those the company received a release from certain legal liabilities.

The plaintiff was, therefore, a passenger with all the rights which that relation towards the company under the law gave him. Waiving that view, however, for a moment, and conceding to the contract the scope for which the defendant contends, it can have no binding force or legal effect upon the plaintiff. He neither made the contract nor assented to it, and he made no agreement to assume any risk, and the defendant could not avoid responsibility to him by any contract with Schoonmaker. Such a contract to be obligatory upon him must have been made by him or some one on his behalf. We have examined the exceptions and find no error, and we cannot say the damages are excessive.

The judgment and order denying the motion for a new trial should be affirmed, with costs.

BARNARD, P. J., and PRATT, J., concurred.

Judgment and order denying new trial affirmed, with costs.